CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
APR 29 2005
JOHN F. CORCORAN, CLERK
BY: H McDonald
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| DAVID LEE SMITH, #0375340,<br>Plaintiff, | Civil Action No. 7:05cv00184 |
| v. | **ORDER** |
| STATE OF NORTH CAROLINA, et al.,<br>Defendants. | By: Jackson L. Kiser<br>Senior U.S. District Judge |

This matter is before the court upon plaintiff's motion for a temporary restraining order received by this court on April 19, 2005. In his motion, plaintiff requests that this court issue a temporary injunction suspending the use of the North Carolina General Statute § 14-7.1. For the reasons set forth below, I will deny plaintiff's request for injunctive relief.

North Carolina General Statute § 14-7.1 mandates that "any person who has been convicted of or pled guilty to three felony offenses in any federal court or state court in the United States or combination thereof is declared to be an habitual felon." West 2005. Plaintiff claims that this statute is being unconstitutionally used to enhance criminal sentences.

Smith previously raised this allegation in the instant civil action; and, by order entered April 6, 2005 this court dismissed his claims as malicious. Furthermore, Smith previously raised this exact claim in Civil Action No. 7:04cv00743, Smith v. State of North Carolina, et als. That matter was transferred to the Eastern District of North Carolina for proper venue. Additionally, Smith has admitted that this claim has already been dismissed as wholly frivolous by the Western District of North Carolina. Therefore, it is apparent that the federal courts in both Virginia and North Carolina have expended considerable time and resources involving the instant claim.

Plaintiff now makes a motion for a temporary injunction suspending the use of this

statute. Preliminary injunctive relief is an extraordinary remedy that courts should apply sparingly. See Direx Israel, Ltd. v. Breakthrough Med. Corp., 952 F.2d 802, 811 (4th Cir. 1991). In determining whether preliminary injunctive relief should be granted, the court applies the "balance of hardship" test. Wetzel v. Edwards, 635 F.2d 283, 287 (4th Cir. 1980). Under this test, the court should consider four factors: 1) whether the plaintiff will suffer irreparable harm if the relief is not granted; 2) the likelihood of harm to the defendant if relief is granted; 3) the likelihood that plaintiff will eventually succeed on the merits; and 4) whether public interest lies with granting relief. Blackwelder Furniture Co. of Statesville, Inc. v. Seilig Mfg., Co., 550 F.2d 189, 195 (4th Cir. 1977). Without a showing that plaintiff will suffer imminent, irreparable harm, the court cannot grant interlocutory injunctive relief. Rum Creek Coal Sales, Inc. v. Caperton, 926 F.2d 353, 360 (4th Cir. 1991).

In his request for injunctive relief, plaintiff does not allege any imminent, irreparable harm. As such, it is hereby

### ORDERED

that plaintiff's request for injunctive relief shall be and hereby is **DENIED**.

The Clerk of the Court is directed to send a certified copy of this Order to plaintiff.

ENTER: This 29th of April, 2005.

*[signature]*
Senior U.S. District Judge